**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David Carl CAMP, Defendant–Appellant.**

**No. 07–50281.**

United States Court of Appeals, Ninth Circuit.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

432

Submitted Aug. 20, 2009.*

Filed Sept. 3, 2009.

Michael J. Raphael, Esq., USLA–Office of The U.S. Attorney Criminal Division, Los Angeles, CA, USSA–Office of The U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

David Carl Camp appeals from the 57–month sentence imposed following his guilty-plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

█ Camp contends that the district court erred by imposing a special condition of supervised release requiring him to submit to search or seizure "with or without a warrant and with or without reasonable or probable cause." This search condition does not facially violate the Fourth Amendment. *United States v. Dupas,* 419 F.3d 916, 922 (9th Cir.2005). Furthermore, the record reflects that the district court did not abuse its discretion by imposing the condition in this case. *See* 18 U.S.C. § 3583(d); *see also United States v. Weber,* 451 F.3d 552, 557–58 (9th Cir.2006); *Samson v. California,* 547 U.S. 843, 854–55, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Camp also contends that the district court erred by failing to give adequate notice under Federal Rule of Criminal Procedure 32(i)(1)(C) before imposing a special condition of supervised release requiring him to report to the district court every morning for three years. Because the record reflects that the district court failed to give adequate notice, we remand the sentence to permit the parties to address whether this special condition of supervised release is appropriate. *See United States v. Wise*, 391 F.3d 1027, 1033 (9th Cir.2004); *see also United States v. Cope*, 527 F.3d 944, 953 (9th Cir.2008).

**AFFIRMED in part; VACATED and REMANDED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.